1 | Daniel D. Maynard, No. 009211
2 | Michael D. Curran, No. 012677
**MAYNARD CRONIN ERICKSON**
**CURRAN & SPARKS, P.L.C.**
3 | 1800 Great American Tower
3200 North Central Avenue
4 | Phoenix, Arizona 85012
(602) 279-8500
5 |
6 | Attorneys for Plaintiff
7 |
8 |

MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.265.8185

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| Ultimate Creations, Inc., an Arizona corporation, | CV _____ |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT** |
| Andrew Wright, and Jane Doe Wright, | |
| Defendant. | |

Plaintiff, Ultimate Creations, Inc. ("Ultimate Creations") for its complaint against Defendants, Andrew Wright ("Wright") and Jane Doe Wright (referred to jointly as "Defendants") alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    At all times material to this lawsuit, Ultimate Creations is an Arizona corporation organized and existing under the laws of the State of Arizona and doing business in Maricopa County, Arizona. It is the owner of certain intellectual property, including but not limited to federally registered trademarks, service marks, trade dress and common law trademarks associated with the wrestling character, the Ultimate Warrior (referred to jointly hereinafter as "intellectual property").

2.    Upon information and belief, at all times pertinent to this lawsuit, Defendants reside at 5 Lambert Johnson Drive, Ocean, NJ 07712.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states.

4.      This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1338(a), and U.S.C. §1338(b).

5.      This Court has supplemental jurisdiction over the state law claims and common law claims pursuant to 28 U.S.C. §1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

7.      On or about February 22, 2005, Ultimate Creations entered into a Film Documentary Development Contract ("Contract") with Wright (Exhibit 1).

8.      The Contract provided that Wright was to film, edit, produce and distribute versions of a documentary styled film in cooperation with Ultimate Creations.

9.      Wright, pursuant to Article 4 of the Contract, was to provide Ultimate Creations with a DVD version of the project according to a schedule described in Article 6.

10.     The version of the project must, in the judgment of Ultimate Creations, be suitable material for sale and meet Ultimate Creations' standards for production and content quality.

11.     Any required revisions of the project should be completed within an appropriate time frame.

12.     Wright was to pay Ultimate Creations the sum of $200,000 as a flat fee for participation in the project plus twenty-five percent of the profits from the sale of each DVD, VHS, or PPC version of the project.

13.     Wright was to make an initial payment of $10,000 to Ultimate Creations within five days of both parties signing the agreement.  Such payment was made; however, Wright was to pay Ultimate Creations a balance of the flat fee as soon as it obtained sufficient financial

- 2 -

1   backing to complete the project over and above the actual cost of production which is specified
2   in Article 6.

3       14.     Pursuant to Article 8, failure of Wright to bring the project to a successful
4   conclusion, *i.e.*, not produce a film that is ready for distribution and sale, Ultimate Creations
5   will retain all the rights to the title of the Project as well as any and all versions of the Project,
6   including but not limited to, all film footage or other work completed at the time the project is
7   abandoned or otherwise halted.

8       15.     Pursuant to Article 10, Ultimate Creations reserves the right to give or deny final
9   approval of the contents or quality of the Project in order to guarantee that the Project is of
10  equal or better quality as similar project.  This final determination shall be within the exclusive
11  authority of Ultimate Creations or its agents.

12      16.     Wright shall make available to Ultimate Creations any footage or materials which
13  Ultimate Creations might request at any time during the filming.

14      17.     Pursuant to Article 12, either party may terminate this Contract if the other
15  breaches any promise contained in the Contract.

16                          **First Claim For Relief**
17                          **(Breach of Contract)**

18      18.     Ultimate Creations incorporates the allegations set forth in paragraphs 1 through
19  17 of the Complaint as if fully set forth herein.

20      19.     Wright is in breach of the Contract for the following reasons:

21          A)      the intent of the Contract is to provide a positive piece on Warrior to be
22  used for marketing and Ultimate Creations has always retained the right to approve the piece.
23  Upon review of the footage, it is clear that there has been negative footage done and Wright
24  has indicated to others that his intent is to do a negative piece, which was never the intent of
25  Ultimate Creations. (*See* Exhibit 2, affidavit of Chris Lewis)

26          B)      the quality of the work is not up to the standards that were expected and

articulated in the Contract.

    C)    Wright was requested to come to New Mexico to meet with Warrior's family and to film and he refused.

    D)    there has been no financial backing.

    E)    Wright is in breach for materially falling behind the production schedule agreed to between Wright and Ultimate Creations.

20.    As a result of Wright's breach of the Contract, Ultimate Creations has been damaged in an amount of at least $180,000.00 together with attorney's fees, costs and expenses.

## Second Claim For Relief
## (Trademark Violation under the Lanham Act)

21.    Ultimate Creations incorporates the allegations set forth in paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22.    Wright's use of the intellectual property is in violation of the Contract.

23.    Wright's use of the intellectual property is diminishing and diluting its value and constitutes a willful misappropriation and use of the intellectual property to the detriment of Ultimate Creations.

24.    As a result of Wright's willful infringement, Ultimate Creations has been damaged in an amount in excess of $75,000.00 and the damages will continue to amount.

WHEREFORE, Ultimate Creations prays that judgment enter in its favor and against the Defendants on each and every claim asserted herein and that the Court enter the following relief:

    A.    Ultimate Creations requests that judgment be entered in its favor and against Defendants in a sum of $190,000.00 together with interest, attorney's fees to be determined and the costs of bringing this action;

    B.    Ultimate Creations requests that the Court enter judgment that all footage, notes, films, disks, tapes and all materials produced in this project be

- 4 -

1    turned over to Ultimate Creations and Defendants not keep or distribute

2    any copies; and

3    C.    For any further relief the Court deems just and proper under the

4    circumstances.

5    **<u>JURY DEMAND</u>**

6    Ultimate Creations respectfully demands a jury trial on all appropriate issues, pursuant

7    to Rule 38(b), Federal Rules of Civil Procedure.

8    DATED this 16th day of November, 2005.

9    **MAYNARD MURRAY CRONIN**
     **ERICKSON & CURRAN, P.L.C.**
10

11   By__ s/Daniel D. Maynard_____
        Daniel D. Maynard
12      Jennifer A. Sparks
        1800 Great American Tower
13      3200 Central Avenue
        Phoenix, Arizona 85012
14      Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT 1

## FILM/DOCUMENTARY DEVELOPMENT CONTRACT

This Film/Documentary Development Contract (hereinafter referred to as the "Contract") is made on February 22, 2005 between Warrior, on behalf of Ultimate Creations, Inc., (hereinafter referred to as "Ultimate Creations") and Andrew Wright, on behalf of BuzzMEDIA (hereinafter referred to as "BuzzMEDIA").

BuzzMEDIA and Ultimate Creations hereby enter into an agreement by which BuzzMEDIA will film, edit, produce, and distribute versions of a documentary-style film [title to be determined] (hereinafter referred to as the "Project") in cooperation with Ultimate Creations according to the following terms and promises.

### Article 1. Term of Agreement

This agreement becomes effective on February 22, 2005 and will remain in effect unless and until terminated as provided herein.

### Article 2. Description of Project [title to be determined]

The Project [title to be determined] is understood by the parties to be a documentary-style film about the life, career, and future of Warrior, the creator, owner, and performer of the Sports Entertainment/Professional Wrestling character Ultimate Warrior. The Project will cover the upbringing and family background of Warrior; the young adulthood of Warrior; the history of how Warrior came to have a career in Sports Entertainment/Professional Wrestling and various aspects of that career; Warrior's reflections on his career in Sports Entertainment/Professional Wrestling; Warrior's opinions on various events and personalities involved in the Sports Entertainment/Professional Wrestling business; the potential for Warrior to return to Sports Entertainment/Professional Wrestling on a part or full-time basis; any and all negotiations, preparations – physical, legal, familial, and otherwise – concerning said return of Warrior to a career in Sports Entertainment/Professional Wrestling; details of how Warrior has spent his retirement from Sports Entertainment/Professional Wrestling; details of Warrior's political/philosophical beliefs; details of Warrior's career as a motivational speaker; details of Warrior's past and present business ventures; and any other subject matter deemed appropriate for the Project [title to be determined] and agreed to by both parties.

### Article 3. Confidentiality of Work

Neither party will disclose the specifics of the Project [title to be determined] to individuals outside of BuzzMEDIA or Ultimate Creations, unless and until the party wishing to make such disclosure obtains the prior written approval from an authorized agent or employee of the other party, or until the Project [title to be determined] has been made available for sale to the general public – i.e. individuals outside of BuzzMEDIA and Ultimate Creations. Said releases shall be titled in the following style: Release Addendum 1, Release Addendum 2, and so forth.

### Article 4. Services to be performed by BuzzMEDIA

BuzzMEDIA will film, edit, produce, and offer for sale and distribution the Project [title to be determined] in Digital Video Disk (hereinafter referred to as "DVD"), Video Home System (hereinafter referred to as "VHS"), and Television Pay-Per-View (hereinafter referred to as "PPV") formats. BuzzMEDIA will provide Ultimate Creations with a DVD version of the Project [title to be determined] according to the schedule described in Article 6. These versions must, in the judgment of Ultimate Creations and/or authorized representatives or agents of Ultimate Creations, be suitable material for sale and meet Ultimate Creations' standards for production and content quality. Any required revisions of the Project should be completed within an appropriate time frame. Any originals or copies of the Project [title to be determined] provided to Ultimate Creations remain the property of BuzzMEDIA and will be returned to BuzzMEDIA upon completion of the production process. Creation of the Project [title to be determined] cannot be delegated or subcontracted without the written permission of Ultimate Creations.

Additional services to be performed by BuzzMEDIA may be required by the execution of an addendum, to be titled in the following style: Services to be Performed Addendum 1, Services to be Performed Addendum 2, and so forth.

### Article 5. Services to be performed by Ultimate Creations

Ultimate Creations shall make available to BuzzMEDIA any records, papers, pictures, videos, or persons that are referenced in the scope of the Project [title to be determined] as referenced by the project's scope in Article 2. Ultimate Creations shall not withhold reasonable requests for information, or deny any reasonable requests to be interviewed or otherwise filmed for the purpose of completing the Project [title to be determined]. Warrior shall also make himself reasonably available, at no additional cost to BuzzMEDIA, to appear in promotional advertisements for television, radio, and/or the Internet.

1

## Article 6.  Schedule and Projected Production Costs

Production of the Project [title to be determined] shall be completed within a timely manner as set forth by the parties in the Production Schedule Addendum.

Distribution and sale of the Project [title to be determined] will take place in a manner as set forth by the parties in the Distribution and Sale Schedule Addendum. Both parties covenant not to release or cause to be released any version, regardless of length or content, of the Project [title to be determined] without the execution by both parties of a Distribution and Sale Schedule Addendum or a Release Addendum.

Good faith projections of production cost submitted by BuzzMEDIA are that the Project [title to be determined] should not exceed fifty thousand dollars ($50,000), not including the compensation due Ultimate Creations in Article 7. It is understood and agreed by all parties that this projected figure is the threshold that must be met in order to trigger certain actions and considerations that are outlined in Article 7.

## Article 7.  Issue Price and Creative Talent Compensation

BuzzMEDIA and Ultimate Creations will sell the DVD, VHS, and PPV versions of the Project [title to be determined] at a rate to be determined as set forth by the parties in the Sale Price Addendum.

BuzzMEDIA will pay Ultimate Creations the sum of two hundred thousand dollars ($200,000) as a flat fee for participation in the Project [title to be determined]. BuzzMEDIA will also pay Ultimate Creations twenty five percent (25%) of Profits from the sale of each DVD, VHS, or PPV version of the Project [title to be determined] that is sold. The parties may mutually defer a portion of the fee by executing a Deferred Compensation Addendum.

**Description of Profits:** After monies for production of VHS, DVD, and PPV versions of the Project [title to be determined] have been recouped from the sale of any and all versions of the Project [title to be determined], all surplus monies derived from said sales of the Project [title to be determined] are thereafter considered Profits.

BuzzMEDIA will issue an initial payment of ten thousand dollars ($10,000) to Ultimate Creations within five days of both parties signing the Contract. BuzzMEDIA will pay Ultimate Creations the balance of the flat fee as soon as it has obtained sufficient financial backing to complete the Project [title to be determined] over and above the actual costs of production, which are specified in Article 6. If BuzzMEDIA does not obtain sufficient funding to pay the entire flat fee to Ultimate Creations prior to completion of the Project [title to be determined], Ultimate Creations shall receive fifty percent (50%) of all profits until such time as Ultimate Creations has collected the entire amount of the flat fee that is owed by BuzzMEDIA. Thereafter, Ultimate Creations shall be entitled to the 25% of all Profits as outlined above. Once the Project [title to be determined] has been released for distribution and sale, BuzzMEDIA shall pay Ultimate Creations the 25% of Profits on a monthly basis. Statements of payments and sales of the Project [title to be determined] will be provided to Ultimate Creations with each payment, and Ultimate Creations shall have the right to have BuzzMEDIA sales records, whether in hardcopy, digital, or computerized form, audited by a third party to be appointed by Ultimate Creations, on a quarterly basis. Once all production costs, including the flat fee to Ultimate Creations, have been recouped by sales of the Project [title to be determined], Ultimate Creations shall also have the right to purchase up to five thousand (5,000) units of the Project [title to be determined] in Ultimate Creations' choice of VHS and/or DVD format at actual cost. Should sales of the Project [title to be determined] exceed one million (1,000,000) units in VHS and DVD formats combined, Ultimate Creations shall have the right to purchase up to twenty-five thousand (25,000) additional units of the Project [title to be determined] in Ultimate Creations' choice of VHS and/or DVD format at actual cost, as well as up to an additional twenty-five thousand (25,000) units for every additional five hundred thousand (500,000) units sold. These purchase options granted to Ultimate Creations may be made in any increments determined by Ultimate Creations, and are to be sold to Ultimate Creations specifically for the purpose of re-sale by Warrior at personal appearances and autograph signings only.

Under no circumstances shall Ultimate Creations sell the units of the Project [title to be determined] that it obtains through the purchase options outlined above via channels that are in direct competition with the other distribution channels for sales of the Project [title to be determined] (e.g. eBay, Internet website http://www.ultimatewarrior.com).

All payments to Ultimate Creations shall be made in accordance to the terms to be set forth in the Payment of Compensation Instructions Addendum.

2

## Article 8.  Use of Project [title to be determined]

BuzzMEDIA is granted license by Ultimate Creations to produce and distribute for sale in VHS, DVD, and PPV formats the Project [title to be determined] in perpetuity.

BuzzMEDIA may use Warrior's name, the name of Warrior's Sports Entertainment/Professional Wrestling character Ultimate Warrior, and associated images and logos for the Project [title to be determined] for the purpose of marketing the Project [title to be determined] to potential distributors and the general public.

BuzzMEDIA may make excerpts of the Project [title to be determined] available to the general public as a free preview. No excerpt shall be longer than 30 seconds in length, each of which are subject to approval by Ultimate Creations.

BuzzMEDIA acknowledges that Ultimate Creations owns all trademark rights to the name, logo, and other identifying marks relating to the character Ultimate Warrior. This agreement affirms that Ultimate Creations owns all other rights not directly associated with the Project [title to be determined] including rights associated with the title, character, character's name, and images which appear in any versions of the Project [title to be determined].

Failure by BuzzMEDIA to bring the Project [title to be determined] to a successful conclusion (i.e. not produce a film that is ready for distribution and sale), Ultimate Creations will retain all the rights to the title of the Project as well as any and all versions of the Project [title to be determined], including but not limited to all film footage or other work completed at the time the Project is abandoned or otherwise halted by BuzzMEDIA. Likewise, should the Project [title to be determined] be completed and BuzzMEDIA fail to find a satisfactory distribution deal or channel for the Project [title to be determined] within one year of the completion of the Project, full ownership rights to the Project [title to be determined] shall immediately be transferred in their entirety to Ultimate Creations.

### Article 9.  Guarantees

The channels for distribution for the final, "ready-for-sale" version of the Project [title to be determined] shall be determined by mutual agreement between Ultimate Creations and BuzzMEDIA. The details of the distribution deal for the Project [title to be determined] shall be set forth in the Distribution Addendum. In the event that no distribution deal is agreed upon within one calendar year of the date of completion of the Project [title to be determined], full ownership rights to the Project [title to be determined] shall be immediately and permanently transferred to Ultimate Creations.

### Article 10.  Final Right of Review and Approval

Ultimate Creations and/or an authorized agent or employee of Ultimate Creations retains and, both parties agree, reserves the right to give or deny final approval of the content or quality of the Project [title to be determined] in order to guarantee that the Project [title to be determined] is of equal or better quality as similar productions. This final determination shall be within the exclusive authority of Ultimate Creations and/or one of his authorized agents or employees to make. However, final approval of the content or quality of the Project [title to be determined] shall not be unreasonably withheld. BuzzMEDIA shall make available to Ultimate Creations any footage or materials which Ultimate Creations might request, at any time during the filming, editing, or sale of the Project [title to be determined]. Submission of requested materials should be made within ten days.

### Article 11.  Limited Right to Use

Ultimate Creations reserves the right to use images or footage from the Project [title to be determined] for any reasonable future purpose, regardless of whether said purpose is commercial or private in nature.

### Article 12.  Termination of Agreement

Either party may terminate this Contract if the other party breaches any promise contained in this Contract.

### Article 13.  Warranties

Ultimate Creations warrants that it has the legal right and authority to enter into this Contract. BuzzMEDIA likewise warrants that it has the legal right and authority to enter into this Contract.

3

### Article 14. General Terms

Notices of default or other communications regarding this contract will be sent to the following mailing addresses:

For Ultimate Creations:  Chris Lewis, PO Box 22811, Knoxville, TN 37933

For BuzzMedia:  Andrew Wright, 5 Lambert Johnson Drive, Ocean, NJ 07712

### Article 15. Agreed Jurisdiction for Settlement of Disputes

Questions and/or disputes regarding the Contract will be decided according to Tennessee Code Annotated (TCA) and exclusive jurisdiction for any legal action which might be required in furtherance of the Project [title to be determined] or to remedy a breach of the Contract shall be in the State of Tennessee.

### Article 16. Waiver or Modification

No waiver of any breach of the terms of this Contract shall be deemed a waiver of any subsequent breach. No modification of this Contract or of any section of the Contract shall be binding on either party unless reduced to writing and subscribed to both by a duly authorized representative of Ultimate Creations and by a duly authorized representative of BuzzMEDIA

### Article 17. Unenforceable Provisions

If any clause, provision, stipulation, or other portion of this Contract is found to be legally unenforceable, said determination shall not affect the remaining portions of this Contract.

### Article 18. Fair and Equitable

The provisions of this Contract and their legal effects are fully known by each of the parties. Each party acknowledges that this Contract is fair and equitable, and each has voluntarily entered into this Contract by signing herein below.

IN WITNESS WHEREOF, an authorized representative of Ultimate Creations and an authorized representative of BuzzMEDIA have signed this Contract on the date written above.

By: _____
Full legal name: _____
For Ultimate Creations

By: _Chris Lewis_
Full legal name: _David Christopher Lewis 3-6-05_
Agent For Warrior

By: _A Wright_       _3-2-05_
Full legal name: _Andrew William Wright_
For BuzzMEDIA

4

## AMENDMENT NO. 1

### to Film/Documentary Development Contract

This agreement ("Amendment No. 1") is made and entered into by and between: (i) Warrior, in his capacity as owner of and on behalf of Ultimate Creations, Inc. ("Ultimate Creations") and (ii) Andrew Wright, owner of BuzzMEDIA ("BuzzMEDIA"). Ultimate Creations and BuzzMEDIA are hereinafter each referred to a "Party" and are jointly referred to as the "Parties."

Pursuant to Article 16 (Waiver or Modification) of the Film/Documentary Development Contract which the Parties entered  as of February 22, 2005 (referred to hereinafter as the "FDDC"), in consideration of the mutual promises contained herein, the Parties hereby agree to the amend the FDDC indicated in the following Articles.   The FDDC, as amended by this Amendment No. 1, is collectively referred to as "this Agreement."

1.    Article 14 (General Terms) is deleted in its entirety and the following provisions are substituted therefor:

"Notices of default or termination and any other communications regarding the FDDC or this Amendment No. 1 will be sent to the following mailing address:

a.   "The mailing address for BuzzMEDIA is 15 Lambert Johnson Drive, Ocean, NJ 07712;

b.   The mailing address for Warrior and for Ultimate Creations is: Warrior, 43 A County Road 119 North, Santa Fe, NM 87506;

c.   to either Party at such replacement address for the address specified in subparagraphs "a" or "b" of this Article 14 as the other Party shall provide written notice to the above address by the procedure indicated in this Article 14.

d.   Any notices of default or termination provided by one Party to the other Party by certified mail, return receipt requested, and by regular first class mail.   All other communications in the ordinary course of business may be provided by any method reasonably likely to reach the other Party in a reasonable period of time.

e.   Chris Lewis (who no longer is an agent for Ultimate Creations or Warrior) shall not receive any communications, in writing or orally, on behalf of Ultimate Creations or otherwise concerning the FDDC.

2.   A new Article 19 shall be added as follows:

a.   Neither BuzzMEDIA, Andrew Wright nor any employee, representative, agent or attorney thereof shall communicate, whether directly or indirectly, and whether by phone call, e-mail, U.S. mail, courier, text message or in any other manner whatsoever, with  David Christopher ("Chris") Lewis, or Capitol Ideas or with any employee, representative, agent or attorney thereof,  or with any other person or entity, on

any subject, business or transaction (or possible subject, business or transaction) <u>which involves or includes</u>, in whole or part:

    (i), the Film Documentary Development Contract ("FDDC") between Warrior/Ultimate Creations, Inc. and BuzzMEDIA; or

    (ii) any other biography of, or history of, or other intellectual property of Warrior and/or of Ultimate Warrior; or

    (iii) any intellectual property of Ultimate Creations, Inc.; and/or

    (iv) any and all future business developments, projects or ventures, film or otherwise between Warrior/Ultimate Creations, Inc. and Andrew Wright/BuzzMEDIA.

Any breach of this Article 19 (or of any other provision of this Amendment No. 1) shall be deemed to be a breach of the FDDC. "

3. Article 15 (Agreed Jurisdiction for Settlement of Disputes) shall be deleted in its entirety and in lieu thereof the following provision shall be added:

**"Article 15. Breach, Remedies, Enforcement and Venue.**

a. In the event of the breach of any material provision of this Agreement, the non-breaching Party shall notify (pursuant to the procedures set forth on Article 14 above) the allegedly breaching Party of said breach at least seven (7) calendar days before filing any lawsuit against the allegedly breaching party.

b. In the event of the breach of any material provision of this Agreement, the non-breaching Party, (in addition to any other remedies that may be available to it) shall have the option, after sending notice to the breaching Party of said breach and to terminate some or all if the obligations of the non-breaching Party under this Agreement.

c. Any Party aggrieved by a breach of this Agreement by any other Party shall be entitled to seek enforcement against the allegedly breaching Party of any and all rights and remedies, individually or cumulatively, available at law, or in equity with respect to the breach. In the event of any action or suit based upon or arising out of any alleged breach by any Party of any covenant or agreement contained in this Agreement, in addition to any other rights and remedies to which they may be entitled, the prevailing Party will be entitled to recover reasonable attorneys' fees and other costs of such action or suit from the non-prevailing Party."

4. A new Article 20 shall be added as follows:

**"Voluntary Agreement.** Each Party hereby represents that he or she is over the age of 18, has carefully read this Agreement, knows and understands the contents thereof, and signs said document as his or her own free act and deed, after consultation with its own independent attorney (or after the opportunity to consult with its own independent attorney)."

5. A new Article 21 shall be added as follows:

"This Agreement shall be binding on BuzzMEDIA and Ultimate Creations and any of their assignees, successors, trustees or conservators. "

6. A new Article 22 shall be added as follows:

"**Governing Laws.** This Agreement shall be governed by and interpreted according to the substantive laws of the State of *"

7. A new Article 23 shall be added as follows:

"**Counterparts; Copies.** This Agreement may be executed in duplicate counterparts. Copies of this Agreement bearing accurate copies of a party's signature shall be considered an original hereof for all purposes. A signature transmitted by facsimile shall be deemed equivalent to the original signature."

8. A new Article 24 shall be added as follows:

"The Project referred to throughout the FDDC as "[title to be determined"] shall hereinafter be known as "ALWAYS BELIEVE: The Authorized Documentary of Ultimate Warrior;"

9. A new Article 25 shall be added as follows:

"In all respects other than as explicitly set forth in this Amendment No. 1, all provisions of the February 22, 2005 FDDC remain in full force and effect."

10. A new Article 26 shall be added as follows:

"**Entire Agreement.** a. The FDDC entered as of February 22, 2005, as amendment by this Amendment No. 1, (consisting of ten (10)_ numbered paragraphs on four (4) pages, including the final signature page, contains the entirety of all effective agreements between the Parties with regard to matters set forth herein or with regard to any other subject, transaction or business whatsoever, whether or not covered by the FDDC. There are no other surviving understandings or agreements, oral or otherwise, including, but not limited to those discussed in any phone calls, e-mails or other documents of any nature whatsoever, between the Parties, except as expressly set forth herein.

b. (Except as may be otherwise explicitly set forth herein) the FDDC entered as of February 22, 2005, as amendment by this Amendment No. 1, supersedes and revokes all previous conversations, negotiations, arrangements, understandings, and information conveyed, whether oral or in writing, between any of the Parties concerning any of the subjects of this Agreement -- whether or not set forth in the FDDC. Any other prior conversations, understandings, representations, promises or writings are merged into this Agreement and are extinguished. The FDDC entered as of February 22, 2005, as amendment by this Amendment No. 1, may be further amended and modified only by an instrument in writing signed by both Parties. A photocopy of the original signed Amendment No. 1, shall be equivalent to the original signed copy of this Amendment No. 1."

IN WITNESS WHEREOF, the Parties have executed this Amendment No. 1 to the Film/Documentary Development Contract which they had entered as of February 22, 2005.

Signatures:

**BuzzMEDIA**          Date: /-25, 2005

By: _____
Andrew Wright

Ultimate Creations, Inc.

By: _____
Warrior
its owner,          Date: 1.16, 2005

Amendment No. 1 to F D D C . 0627.1303/062705/420p

*Amendment No. 1 to FDDC between Ultimate Creations and BuzzMEDIA. Page 4*

**EXHIBIT 2**

## AFFIDAVIT

Comes the Affiant ___Chris Lewis_____

Who, being duly sworn, deposes and says, to wit as follows:

1.  That Affiant was formerly employed as the business manager for Warrior, a resident of New Mexico, and Ultimate Creations, Inc., an Arizona corporation.

2.  That in the course of said employment, Affiant negotiated on behalf of Warrior and Ultimate Creations, Inc., a Film/Documentary Development Contract with Andrew Wright d/b/a BuzzMEDIA.

3.  That during the course of said negotiations, and afterward, Affiant communicated frequently with Wright via telephone, email, and in person regarding said contract and other matters.

4.  That Lewis specifically inquired of Wright as to Wright's qualifications and ability to perform the services required of himself and BuzzMEDIA under the terms of the Film/Documentary Development Contract, and that Wright represented to both Lewis and Warrior that Wright was fully qualified, capable, and competent to perform said services.

5.  That the contract submitted to Wright and BuzzMEDIA by Lewis, contained a provision requiring Wright purchase a policy at Wright's own expense to insure the financial interests of Warrior and Ultimate Creations, Inc. in the Film/Documentary Development contract, and that the covered amount of said policy was to have been $500,000.

6.  That Wright, on at least one occasion, stated to Lewis that if Warrior refused Wright's demands with respect to the production of the project referenced in the Film/Documentary Development Contract, that Wright "already had enough film footage of Warrior to make a slam piece" about Warrior, that Wright would attempt to profit by marketing and offering for sale to the general public the "slam piece" about Warrior.

Further Affiant Sayeth Not

_____
Signature of Affiant

## ACKNOWLEDGEMENT

State of Tennessee
County of Knox

On this ___27th___ day of ___October___, 20 _05_, before me personally appeared ___David C. Lewis___, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he/she executed the same as his/her free act and deed, for the purposes therein set forth.

_____
(Notary Public)

My Commission Expires ___4/6___, 20_08_.

CHANNA M. THOMAS
NOTARY
PUBLIC
AT
LARGE
KNOX COUNTY