Andrew Wright
5 Lambert Johnson Drive
Ocean, NJ 07712
732-693-2851
Defendant, Pro Se

```
                    FILED ___ LODGED
                 ___ RECEIVED ___ COPY

                        FEB - 1 2006

                  CLERK U S DISTRICT COURT
                    DISTRICT OF ARIZONA
                  BY_____ DEPUTY
```

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT COURT OF ARIZONA

| | | |
|---|---|---|
| Ultimate Creations, Inc., | ) | |
| Plaintiff, | ) | Case No.: CV05-3713-PHX-DKD |
| vs. | ) | |
| Andrew Wright, and Jane Doe Wright, | ) | **DEFENDANT'S BRIEF TO SUPPORT ITS MOTION TO DISMISS PURSUANT TO RULE 12(b).** |
| Defendant | ) | |
| | ) | |

Defendant Andrew Wright submits this brief in support of his motion to dismiss plaintiff's complaint for improper venue and for lack of personal jurisdiction, both pursuant to Rule 12(b), without submitting himself to the jurisdiction of this Court.

### INTRODUCTORY STATEMENT

Plaintiff, Ultimate Creations, Inc. ("Ultimate") and Defendant's company, BuzzMedia Productions, LLC ("BuzzMedia"), entered into a Film Documentary Development Contract, dated February 22, 2005, and Amendment No. 1 to the Film Documentary Development Contract, dated July 25, 2005, (collectively "Contract") dated .[1] In October of 2005, Ultimate presented Andrew Wright ("Wright") with Amendment No. 2 to the Film Documentary Development Contract ("Amendment No. 2"). The later amendment was blatantly unreasonable, and an attempt to renege on Ultimate's contractual obligations. Wright informed Ultimate that

---

[1] Plaintiff's Exhibit 1.

Wright, on behalf of BuzzMedia, would not sign the Amendment No. 2. Shortly thereafter, Ultimate initiated this lawsuit, which is completely without merit and most likely a Rule 11 violation for being frivolous.[2] At all times Wright abided by the terms of the Contract.

Ultimate brings this litigation in the District of Arizona on the sole basis that Ultimate was incorporated in Arizona. Until the filing of the complaint, Wright was unaware that Ultimate is an Arizona corporation. Ultimate chose to file this case in Arizona with the

---

[2] Fed. R. Civ. P. 11(b) Representations to Court.

The Contract was signed by Wright on behalf of BuzzMedia. BuzzMedia should be the named defendant, not Wright. In addition, Wright is not, and has never been married. Therefore there is no Jane Doe Wright.

The facts of this case do not support Ultimate's claim for violation of the Lanham Act. Although Ultimate does not state a specific violation under the Lanham Act, it is assumed that the violation is pursuant to 15 U.S.C. § 1125. Under this provision (a), consumers and competitors must prove the following: (1) the advertiser made false statements of fact about its product; (2) the false advertisements actually deceived or had the capacity to deceive a substantial segment of the target population; (3) the deception was material; (4) the falsely advertised product was sold in interstate commerce; and (5) the party bringing the lawsuit (known as the "plaintiff") was injured as a result of the deception.

As stated in the Contract, Ultimate expressly grants to BuzzMedia the use of the trademark rights for the project. In addition, the project has not been completed and nothing bearing Ultimate's trademark has been sold in interstate commerce.

Ultimate's claims regarding breach of contract are completely without merit, which is clear to anyone who takes the time to read the contract. Of course BuzzMedia cannot release the project without Ultimate's approval over the material. It is agreed that there may have been negative footage obtained by BuzzMedia in some of its filmed interviews. Obviously, any negative footage obtained would have been edited out of the rough cut for the project. However, Ultimate has impeded the development of a rough cut, as its president, Warrior, has continuously refused to make himself available to be interviewed by Wright, and has refused to supply other information requested by Wright as required by the contract, which is a major material breach on the part of Ultimate. Ultimate's claim of the quality of work not being up to the standards stated in the contract are premature as the rough cut has not been able to be developed, due to Ultimate's breach. Therefore, such a claim is premature. Ultimate's claim of breach due to lack of financial backing is false as the Contract does not require financial backing. According to the Contract Ultimate's remaining fee is to be paid when BuzzMedia obtains sufficient financial backing, and goes on to state that if BuzzMedia does not obtain sufficient funding to pay Ultimate, that Ultimate will initially receive 50% of the profits until it's fee is paid in full.

transparent intent of placing undue burden on Wright and thus further obstructing BuzzMedia's ability to finish the project according to the terms of the Contract.

In order for venue to be proper in the District of Arizona a substantial part of the events or omissions giving rise to the claims must have occurred in this district. Ultimate's complaint does not allege any acts which occurred in Arizona, and the complaint does not allege that Wright caused an event to occur in Arizona. Therefore, Ultimate's claim should be dismissed based on improper venue.

In order for the District Court of Arizona to assert personal jurisdiction over Wright, it must comport with due process requirements. A plaintiff bears the burden of establishing that the exercise of personal jurisdiction satisfies the minimum contacts requirement of the due process clause. Ultimate cannot meet this burden. Wright has never physically been in Arizona. Wright has never conducted business in Arizona relating to Ultimate or any other person or company. Therefore, Ultimate's claim should also be dismissed based on lack of personal jurisdiction.

The only proper venue where this claim can be brought by Ultimate against Wright is in a New Jersey court.

## ARGUMENT

### I. ULTIMATE'S COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE.

Ultimate's complaint alleges both diversity and a federal question of law. Under 28 U.S.C. § 1391(b), in order for venue to be proper in this case, a civil action can be brought only in "A judicial district where any defendant resides" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

The Contract on which the complaint is based was signed by Wright, on behalf of BuzzMedia, a Limited Liability Company formed in New Jersey. Both Wright and BuzzMedia

reside in New Jersey.[3] Therefore, under 28 U.S.C. § 1391(b)(2) proper venue for this claim would only be New Jersey.

The Contract was signed by Warrior, the president of Ultimate, who lives in New Mexico. It is not indicated anywhere on the Contract that Ultimate is an Arizona corporation. The notice provision of the original contract states that all notices are to be sent to: "For Ultimate Creations: Chris Lewis, PO Box 22811, Knoxville, TN 37933." This notice provision was later revised in the amendment stating that "The mailing address for Warrior and Ultimate Creations is: Warrior, 43A County Road 119 North, Sante Fe, NM 87506." Wright was never aware that Ultimate was an Arizona corporation.

Ultimate has not stated that any or a substantial part of the events claimed took place in Arizona. Nor could it make such a claim. No obligations of the signed Contract, and no events relating to the Contract or to Wright took place in Arizona. There have not been any events that took place in Arizona which gave rise to Ultimate's claim. Therefore, the Complaint should be dismissed based on improper venue.

## II. ULTIMATE'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

According to Arizona Rule of Civil Procedure 4.2(a), Arizona's Long Arm Statute, a court "may exercise personal jurisdiction over parties, whether found within or outside the state, to the maximum extent permitted by the Constitution of this state and the Constitution of the United States...."

To determine whether a defendant's conduct is covered by Arizona's long-arm statute the court must determine whether the exercise of personal jurisdiction comports with the due process requirements of the U.S. Constitution. See Edias Software International, L.L.C. v. Basis International, Ltd., 947 F. Supp. 413, 416 (D. Ariz. 1996). In order to satisfy the due process requirements, the defendant must "have certain minimum contacts" with the forum so that "the suit does not offend 'traditional notions of fair play and substantial justice'." International Shoe

---

[3] On the Civil Cover Sheet, the attorney for Ultimate incorrectly states that Wright is a resident of Maricopa County, but properly identifies Wright as a resident of New Jersey in the Complaint.

Co. v. Washington, 326 U.S. 310, 316 (1945), citing Milliken v. Meyer, 311 U.S. 457, 463 (1940).

> The court:
>
> uses a three-part test to determine whether a district court may exercise specific jurisdiction over a nonresident defendant:
> "(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) [e]xercise of jurisdiction must be reasonable."

Cybercell, Inc. v Cybercell, Inc., 130 F.3d 414 (9th Cir. 1997), citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). In Cybersell, Inc. 130 F.3d 414 (9th Cir. 1997), the court focuses on the fact that defendant's acts must be purposeful, in that the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents.

It is clear in this case that there are no minimum contacts which can allow this Court to exercise personal jurisdiction over Wright. Wright has never been to Arizona. Wright could not have contemplated that his business with Ultimate would have any connection to the State of Arizona, and Wright did not purposefully direct his actions towards Arizona. Therefore Wright could not, and did not purposely avail himself of the benefits and protections of Arizona laws. None of Ultimate's claims arose from activities that took place in Arizona because Wright has not engaged in any activities in Arizona, business or otherwise. In this case, Arizona's exercise of jurisdiction over Wright would be completely unreasonable. The time and cost of defending a suit in Arizona would be an unreasonable burden upon this defendant.

In this case, it is impossible for Arizona to satisfy the court's three prong test. Therefore Arizona cannot exercise personal jurisdiction over Wright and the Complaint should be dismissed for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, Wright respectfully requests that this Court grants his Motion to Dismiss for improper venue and for lack of personal jurisdiction.

Dated: January 17, 2006

Respectfully submitted,

_____
By: Andrew Wright

Defendant, Pro Se