1  Daniel D. Maynard, No. 009211
2  Michael D. Curran, No. 012677
   **MAYNARD CRONIN ERICKSON**
   **CURRAN & SPARKS, P.L.C.**
3  1800 Great American Tower
   3200 North Central Avenue
4  Phoenix, Arizona 85012
   (602) 279-8500
5
   Attorneys for Plaintiff
6

7              **IN THE UNITED STATES DISTRICT COURT**

8               **FOR THE DISTRICT OF ARIZONA**

9  Ultimate Creations, Inc., an Arizona
   corporation,                                    CV05-3713-PHX-DKD
10
11                        Plaintiff,
                                                    **PLAINTIFF'S RESPONSE TO**
   v.                                               **DEFENDANT'S MOTION TO DISMISS**
12                                                  **PURSUANT TO RULE 12(b)**
   Andrew   Wright,   and   Jane   Doe
13  Wright,
14                        Defendant.

15         Defendant, Andrew Wright ("Wright") filed a Motion to Dismiss Plaintiff's Complaint
16  on two grounds. First, lack of personal jurisdiction and second, improper venue, both brought
17  pursuant to Federal Rule of Civil Procedure Rule 12(b). The Court should deny this motion,
18  because this Court has personal jurisdiction over Mr. Wright and Arizona is the proper venue
19  for this action.
20  **I.     Factual Background**
21         Plaintiff, Ultimate Creations, Inc. ("Ultimate") entered into a film documentary
22  development contract on or about February 22, 2005 (Ex. A, ¶ 3) and an amendment to that
23  contract on July 25, 2005 (Ex. 1 to Complaint and the contract and amendment will be referred
24  to jointly as the Agreement). The Agreement provided that Wright would prepare a
25  documentary-style film about the life, career and future of Warrior, the creator, owner and
26  performer of the professional wrestling character Ultimate Warrior. (Ex. 1 to Complaint,
   Article 2). Much of the DVD project was to be researched and filmed in Maricopa County,

MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.263.8185

1   Arizona, where Warrior had resided and where most of the Ultimate Warrior memorabilia is

2   stored. (Ex. A, ¶4 and 5). It was vital to the DVD project that Wright travel to Maricopa

3   County, Arizona, to obtain and review these materials vital to the project (Ex A, ¶ 6). Warrior

4   spent much of his career living in Maricopa County. He had owned a gym in Scottsdale,

5   Arizona called Warrior's and he had plans to return to Maricopa County to live at the time the

6   Agreement was signed. The documentary was to discuss the rise of the Warrior's career,

7   current status and his future plans. Warrior is currently living outside of Santa Fe, New

8   Mexico but as of 2005, he was making plans to return to live in Maricopa County, and to

9   design and build a new Warrior home on 20 acres of land in Carefree, Arizona that he owns.

10  (Ex. A, ¶ 8) Part of the project was to cover Warrior and his family relocating to Arizona and

11  the planning and building of another Warrior home on the 20 acre parcel in Carefree, Arizona.

12  (Ex. A, ¶ 8) It was discussed that Wright would travel and spend time in Maricopa County

13  reviewing the tapes of the Warrior's prior wrestling matches and the various other memorabilia

14  located in Maricopa County including photos, titles, costumes and prior litigation files and that

15  Wright would film portions of the documentary film in Arizona (Ex. A, ¶10).

16          Near the end of 2005, it was clear that Wright was not performing his obligations under

17  the Agreement and Ultimate brought this suit to cease production and to protect the footage

18  that had been filmed since Wright was making overtures about defaming Warrior and placing

19  him in a false light.

20  **II.    Personal Jurisdiction**

21          In determining personal jurisdiction, the Court may rely upon written submissions or

22  it can hold an evidentiary hearing. If no hearing is held, the party need only make a *prima*

23  *facie* case that personal jurisdiction exists. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n.3.

24  In the present case, Wright entered into the Agreement with Ultimate, an Arizona corporation,

25  that required that much of the work be done in Arizona. As set forth in the declaration of

26  Warrior, the subject of the documentary or DVD project and the president of Ultimate, much

1    of the work that was to be done concerning the documentary was to take place in Arizona.

2    Wright was to come to Arizona, spend days if not weeks here, reviewing memorabilia and

3    court files, shooting footage in Arizona, and conduct interviews in Arizona. All of these things

4    he failed to do. As Wright pointed out in his Affidavit, he has not come to Arizona, which is

5    one of the reasons that this action was filed.

6        This Court has long-arm jurisdiction over Wright because he has minimum contact with

7    Arizona. The Arizona long-arm statute provides for personal jurisdiction co-extensive with

8    the limits of federal due process. *Doe v. American Nat. Red Cross*, 112 F.3d 1048, 1050 (9th

9    Cir. 1997). Due process requires that nonresident defendants have certain minimum contacts

10   with the forum state, so that the exercise of personal jurisdiction does not offend traditional

11   notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S.

12   310, 316 (1945). A court's exercise of personal jurisdiction over a nonresident defendant may

13   be either general or specific.

14       In the Ninth Circuit, a three-part test determines whether specific jurisdiction may be

15   applied to a defendant:

16               (1) the nonresident defendant must do some act or consummate
                 some transaction with the forum or perform some act by which he
17               purposefully avails himself of the privilege of conducting
                 activities in the forum, thereby invoking the benefits and
18               protections of its laws; 2) the claim must be one which arises out
                 of or results from the defendant's forum-related activities and (3)
19               the exercise of jurisdiction must be reasonable.

20   *Doe v. American Nat. Red Cross*, 112 F.3d at 1051 (9th Cir. 1997)

21       In this case, Ultimate is an Arizona corporation. Wright entered into the Agreement to

22   prepare a documentary film about Warrior, the President of Ultimate. Much of the work on

23   the film was to be done in Arizona because most of the wrestling memorabilia including career

24   costumes, photos, titles and litigation files are located in Maricopa County. Wright was to

25   travel to Maricopa County and do much of his research in Arizona and incorporate much of

26   the memorabilia into the documentary. Several of the interviews with Warrior for the DVD

1  project were to be conducted in Arizona and a portion of the DVD project was to include the
2  planing, designing and building of the Warrior home on 20 acres in Carefree, Arizona.

3           Thus, by entering into the Agreement, Wright purposefully availed himself of the
4  privilege of conducting activities in Arizona. Wright's failure to travel to Arizona to fulfill
5  these activities constitutes part of the basis for the breach of the Agreement. Second, the claim
6  arises out of Wright's failure to fulfill these obligations. Third, the exercise of jurisdiction in
7  Arizona is reasonable since Wright's activities to fulfill the Agreement were to take place in
8  Arizona and Ultimate is an Arizona corporation. Part of the DVD project was to be filmed in
9  New Mexico but none of it was to be filmed in New Jersey. The interviewing of Warrior was
10  to take place in Arizona and New Mexico.

11          Litigating in Arizona places no undue burden on Wright. It was contemplated that he
12  would spend much of his time completing the Agreement in Arizona. Arizona has an interest
13  in adjudicating this dispute since Ultimate is an Arizona corporation and much of the work to
14  fulfill the Agreement was to take place in Arizona.  Arizona is the most efficient forum.
15  Warrior has no contact with New Jersey, he was not to travel to New Jersey for the project.
16  Wright was to travel and perform work under the Agreement in Arizona.  Arizona is the
17  appropriate forum.

18          For all of these reason, this Court should find that it has personal jurisdiction over
19  Wright and that he must defend his actions or lack of actions in this court.

20  **III.    Venue**

21          The substantive standard for determining the propriety of venue appears in 28 U.S.C.
22  §1391, which provides in pertinent part that proper venue is in "(2) a judicial district in which
23  a substantial part of the events or omissions giving rise to the claim occurred . . . ." In this
24  case, the District of Arizona is the judicial district in which part of the events or omissions
25  giving rise to the claim occurred.

26

1    Generally, the party challenging venue has the burden of proving its impropriety.

2  Venue is presumed to be proper in the district in which the case is filed and the party

3  challenging venue bears the burden of establishing by the preponderance of the evidence that

4  the district chosen by the Plaintiff was the improper venue.

5    In this case, a substantial part of the Agreement was to be fulfilled by actions taken in

6  Arizona. Wright's failure to perform those acts in Arizona which constitute omissions give

7  rise to this action. Thus, under 28 U.S.C. §1391(a), Arizona is the appropriate venue for this

8  action.

9  **IV.   Conclusion**

10    This Court should deny Wright's motion and hold that the District of Arizona has

11  personal jurisdiction over him and that venue is propr in this Court. If the Court has any

12  questions about this, it should hold an evidentiary hearing.

13    DATED this 21st day of February, 2006.

14                  **MAYNARD MURRAY CRONIN
                    ERICKSON & CURRAN, P.L.C.**

15

16          By   s/Daniel D. Maynard
                  Daniel D. Maynard

17                Jennifer A. Sparks
                  1800 Great American Tower
                  3200 Central Avenue

18                Phoenix, Arizona 85012
                  Attorneys for Plaintiff

19

**ORIGINAL** of the foregoing filed this 21st day of February, 2006 via CM/ECF with:

20

21  Clerk of the Court
    United States District Court
    401 W. Washington

22  Phoenix, AZ 85003

23  with a copy mailed (along with a copy of the NEF) and electronically mailed this same day to:

24  Hon. David K. Duncan
    United States District Court

25  Sandra Day O'Connor U.S. Courthouse
    401 W. Washington

26  Phoenix, Arizona 85003-2158
    duncan_chambers@azd.uscourts.gov

- 5 -

1    with a copy mailed this same day to:

2    Andrew Wright
     5 Lambert Johnson Drive
3    Ocean, NJ 07712
     Pro Se
4

5
     By s/Stacey Tanner
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

F:\CLIENTS\ULTIMA11.162\WRIGHT.003\PLDG\RESP.MTN.DISMISS.wpd          - 6 -

# EXHIBIT A

## DECLARATION

I, Warrior, declare under penalty of perjury, as follows:

1.  I am over eighteen years of age, and have personal knowledge of the facts stated in this Affidavit, unless I have stated them specifically "upon information and belief," in which case I have reviewed documents or spoken with people who have first-hand knowledge and I believe those facts to be true.

2.  I am the President of Ultimate Creations, Inc., an Arizona corporation ("UCI").

3.  On or about February 22, 2005, UCI and Andrew Wright d/b/a BuzzMEDIA ("Wright") entered into a contract whereby Wright was to film, edit, produce and distribute versions of a documentary film in cooperation with UCI about the life, career and future of Warrior known as "ALWAYS BELIEVE: The Authorized Documentary of Ultimate Warrior" (the "DVD project").

4.  It was always part of the DVD project that Wright would conduct much of the work in Maricopa County, Arizona.

5.  It was agreed that an absolutely necessary component of the DVD project was for Wright to go through all of my 30,000 WWF litigation files and all of my Dingo Warrior/Ultimate Warrior career costumes, photos, magazines, titles and other memorabilia, which are all located in a 5000 sq. ft of storage in Maricopa County, Arizona, as they have been for over 6 years now.

1

6.    It was absolutely imperative to do the DVD project properly that Wright travel to Maricopa County, Arizona and spend several days, if not weeks, there. This was implicit in the Agreement. To be able to even begin to pursue the project, a trip to Arizona to obtain and review vital materials would have been necessary.

7.    Wright was to interview me in New Mexico and in several scenic Arizona locales like Sedona and the Grand Canyon. Wright was aware that I own property in Maricopa County, Arizona and it was contemplated that I would be relocating to Maricopa County, Arizona.

8.    In addition, part of the documentary was to cover me and my family relocating to Arizona and the planning, designing and building another "Warrior" home on our 20 acre "Warrior" property in Carefree, Arizona.

9.    Although I am presently residing in New Mexico, I own 20 acres in Carefree, Arizona and plan to return there.

10.   It was always agreed that a portion of the project would take place in Maricopa County, Arizona.

DATED this 20 day of Februrary, 2006.

Warrior

2